Argued and submitted August 27, reversed and remanded for new trial
October 13, 1999

## STATE OF OREGON,
*Respondent,*

*v.*

## THOMAS SCOTT RESLER,
*Appellant.*

(971251018; CA A102448)

987 P2d 1269

Monica L. Finch, Deputy Public Defender, argued the cause for appellant. With her on the brief was David E. Groom, Public Defender.

Jennifer S. Lloyd, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Linder and Brewer, Ju ` ;es.

LANDAU, P. J.

## LANDAU, P. J.

Defendant appeals a judgment of conviction on charges of unlawful possession of a firearm, ORS 166.250, and carrying a loaded firearm, Portland City Code 14.32.010. He assigns error to the trial court's denial of his motion to suppress evidence seized following his arrest. We reverse and remand for a new trial.

Officer Meyers approached the scene of an automobile accident and found defendant in a vehicle blocking a driveway. Meyers approached defendant and asked him to lower the car window. Defendant immediately began making a series of quick hand movements toward the vehicle door, then under the seat, and then between the seat and the car door. Meyers opened the door, put defendant in a control hold, and walked him to the sidewalk. Meyers noticed that defendant was wobbly on his feet and needed assistance to reach the curb. Defendant appeared groggy and was slow to respond to Meyers's directions. Meyers believed that defendant was under the influence of something other than alcohol, because he did not smell the odor of alcohol. Meyers called for a second officer to investigate defendant for driving under the influence of intoxicants.

Officer Crump arrived, determined that it would be unsafe for defendant to perform field sobriety tests, and arrested defendant. Meanwhile, Meyers ordered a tow for defendant's vehicle. In accordance with the City of Portland's inventory ordinance, Meyers inventoried the vehicle. As he entered the vehicle, he saw what appeared to be a fanny pack on the floorboard. Meyers knew that the fanny pack was of the sort that is commonly used to carry a handgun. He picked up the fanny pack and felt a gun inside. He opened the fanny pack, found a loaded revolver, and seized it.

Ultimately, it was determined that defendant was not under the influence of intoxicants, but that he was suffering from a diabetic episode. He was not charged with driving under the influence. He was charged with unlawful possession of a firearm and with carrying a loaded firearm.

Defendant moved to suppress the evidence of the firearm. The trial court denied the motion, concluding that the fanny pack "announced its contents" and was thus lawfully opened during the course of the inventory of defendant's vehicle. On appeal, defendant argues that the trial court erred in denying his motion to suppress. He argues that, because a fanny pack is not the sort of container that announces its contents, opening it was a search that required either a warrant or a recognized exception to the warrant requirement. The state argues that, because a fanny pack is the sort of container that announces its contents, neither a warrant nor any recognized exception to the warrant requirement was needed to open it. In any event, the state argues, the search of the fanny pack was justified by the automobile exception to the warrant requirement. Defendant replies that the automobile exception does not apply to a car that has been taken into police custody to be towed.

In *State v. Kruchek*, 156 Or App 617, 969 P2d 386 (1998), *rev allowed* 328 Or 594 (1999), we held that opening an opaque container during a vehicle inventory is not a search only when its size and unique construction make clear that it could contain nothing other than contraband. *Id.* at 622. In that case, the officers opened a cooler that gave off an odor that suggested that at least some of its contents included marijuana. The trial court had concluded that, because of the odor of marijuana, the cooler announced its contents and, on that ground, denied the defendant's motion to suppress. We reversed, holding that, because the odor emanating from the cooler did not announce that the cooler contained *only* marijuana, opening the cooler constituted a search. *Id.* at 621-22. We further held that the automobile exception did not justify the search, because the defendant's automobile already had been impounded by the time the officers opened the cooler, and any exigency created by the vehicle's mobility had been extinguished. *Id.* at 624.

This case is squarely controlled by our decision in *Kruchek*. Indeed, at oral argument, the state conceded *Kruchek's* applicability both as to whether opening the fanny pack constituted a search and as to whether the automobile exception applies to an impounded vehicle. The state argued instead that *Kruchek* was wrongly decided. We decline to

reconsider the decision. We therefore conclude that the trial court erred in denying defendant's motion to suppress.

Reversed and remanded for new trial.