Argued and submitted May 26, affirmed December 29, 1999

## STATE OF OREGON,
*Respondent,*

*v.*

## DARREL LEE ENGLISH,
*Appellant.*

## (97-260CR; CA A99177)

994 P2d 165

Kimi Nam, Deputy Public Defender, argued the cause for appellant. With her on the brief was David E. Groom, Public Defender.

Michael C. Livingston, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Deits, Chief Judge,* and Brewer, Judge.

LANDAU, P. J.

---

* Deits, C. J., *vice* Warren, S. J.

### LANDAU, P. J.

Defendant appeals a judgment of conviction for possession of a controlled substance. He assigns error to the trial court's denial of his motion to suppress evidence obtained during an inventory of his vehicle. We affirm.

The relevant facts are not in dispute. Defendant was stopped for a traffic infraction. The investigating officer, Deese, asked defendant for proof of vehicle registration and insurance. Defendant responded that he had neither. Under the applicable local ordinance, when an individual operates a vehicle with no proof of insurance, the vehicle is impounded by the city. While waiting for a tow truck, Deese began to inventory the contents of the vehicle. In the course of the inventory, Deese discovered a small—approximately 1-1/2 inches long—opaque, red plastic vial that was closed with cellophane tape under the passenger seat. Deese had seen such vials before. In his training and experience they always contained a controlled substance. He opened the vial and found a crystalline substance that looked like methamphetamine. Deese arrested defendant. The substance from the vial later proved to be methamphetamine.

Defendant moved to suppress the evidence obtained from the red vial. He argued that because the red vial was a closed, opaque container that did not announce its contents, Deese could not lawfully open it without first obtaining a warrant. The state relied on the testimony of Deese, which was that in his training and experience the red plastic vial announced its contents to him, that he had seen other such containers and that, without exception, they always contained marijuana, methamphetamine, or some other controlled substance. Defendant stipulated to the officer's testimony, but argued that the red vial did not necessarily announce its contents. Defendant, however, offered no evidence that there was any lawful purpose for such a container. The trial court denied the motion to suppress, and defendant ultimately was found guilty of possession of a controlled substance.

On appeal, defendant argues that the trial court should have granted his suppression motion, because the

opening of the red vial constituted a warrantless search of his property. The state argues that no warrant was required, because the red vial announced its contents. Defendant replies that the red vial did not announce its contents, because it is possible that it could have been used to transport small, legitimate items of property. We agree with the state.

Article I, section 9, of the Oregon Constitution, provides:

"No law shall violate the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search, or seizure; and no warrant shall issue but upon probable cause, supported by oath, or affirmation, and particularly describing the place to be searched, and the person or thing to be seized."

In *State v. Owens*, 302 Or 196, 206, 729 P2d 524 (1986), the Supreme Court explained that Article I, section 9,

"protects privacy and possessory interests. A 'search' occurs when a person's privacy interests are invaded. When the police lawfully seize a container, they can thoroughly examine the container's exterior without violating any privacy interest of the owner or the person from whom the container was seized. For example, the police can observe, feel, smell, shake and weigh it. Furthermore, not all containers found by the police during a search merit the same protection under Article I, section 9. Some containers, those that by their very nature announce their contents (such as by touch or smell) do not support a cognizable privacy interest under Article I, section 9. Transparent containers (such as clear plastic baggies or pill bottles) announce their contents. * * * No warrant is required for the opening and seizure of the contents of transparent containers or containers that otherwise announce their contents."

In *State v. Herbert*, 302 Or 237, 242, 729 P2d 547 (1986), the court further explained that some opaque containers

"may be so uniquely associated with the storage and transportation of controlled substances that their unique packaging alone might provide, to an officer with training and experience in the area of drug detection, probable cause to believe they contain a controlled substance."

The court cited as examples of such unique containers balloons and tin foil bindles. *Id.*

Since *Owens* and *Herbert*, we have held that paperfold bindles are unique packages that announce their contents. *State v. McCrory*, 84 Or App 390, 734 P2d 359 (1987). We expressly acknowledged that paperfold bindles could be used to transport small items such as unsnelled fish hooks, jewelry, or radish seeds. We nevertheless held that such a possibility is beside the point. The determinative question, we held, was whether, in light of the seizing officer's training and experience, it was reasonable to believe that it was *probable* that the bindle contained a controlled substance. *Id.* at 394.

In contrast, we also have held that unopened film canisters are not the sort of items that, by themselves, announce their contents. We have concluded that, while they may sometimes—even often—be used to transport controlled substances, there is no basis for concluding that, more likely than not, they are used for that purpose and not for the purpose of carrying film. *See State v. Lane*, 135 Or 233, 240, 898 P2d 1358 (1995) ("an unopened film canister does not, itself, provide probable cause to believe that it contains contraband"); *see also State v. Lanig*, 154 Or App 665, 669, 963 P2d 58 (1998) (film canister, by itself, insufficient to establish even reasonable suspicion that it contains controlled substances).

Most recently, in *State v. Kruchek*, 156 Or App 617, 621-22, 969 P2d 386 (1998), *rev allowed* 328 Or 594 (1999), we construed *Owens, Herbert,* and *McCrory* to mean that police may lawfully examine the contents of opaque, closed containers such as paperfold bindles when their size, shape, or construction suggest to an officer with training and experience in drug detection that they contain *only* a controlled substance.

In this case, the stipulated testimony of the arresting officer is that the sort of small, opaque, plastic vial found in defendant's vehicle is invariably used to store and transport controlled substances. There is no suggestion in the record that it is used for any other purpose. It certainly is *conceivable* that there are legitimate uses for the vial. The same

can be said of balloons and both tin foil and paperfold bindles, however. The point is not whether there are other possible uses of the vial but whether, in light of the officer's training and experience, it was probable that the vial contained controlled substances and nothing else. Given the stipulated testimony of the arresting officer in this case, we conclude that there was probable cause to believe that the vial contained only controlled substances. The trial court therefore did not err in denying defendant's motion to suppress.

Affirmed.