Argued and submitted January 31, affirmed March 14, 2001

# STATE OF OREGON,
*Appellant,*

*v.*

# JAMES WALKER,
*Respondent.*

## (C99-01-30487; CA A106371)

20 P3d 834

Jonathan Fussner, Assistant Attorney General, argued the cause for appellant. On the brief were Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Christina L. Beatty-Walters, Assistant Attorney General.

Jennelle Hall, Deputy Public Defender, argued the cause for respondent. With her on the brief was David E. Groom, Public Defender.

Before Haselton, Presiding Judge, and Wollheim, Judge, and Ceniceros, Senior Judge.

HASELTON, P. J.

## HASELTON, P. J.

The state appeals, assigning error to the trial court's suppression of evidence discovered in a bubble bottle during an inventory of defendant's car. ORS 138.060(3). The state argues that the warrantless search of the closed bubble container was valid because the container "announced its contents" to the officer. Alternatively, the state argues that the search of the container was valid under the automobile exception to the warrant requirement. We conclude that the container in question did not announce its contents, and that the automobile exception is not applicable to these circumstances. Accordingly, we affirm.

The facts are not disputed. At about 10:30 p.m. on January 10, 1999, Officer Johnson observed defendant standing by his car in an area of Portland known to police to be a "high drug activity area." From a previous contact with defendant the night before, Johnson knew that defendant's driver's license was suspended. When Johnson saw defendant get into his car and begin to drive away, Johnson turned on his overhead lights and conducted a traffic stop. Defendant could not produce proof of insurance, and, after confirming that defendant's license was still suspended, Johnson ordered a tow of the vehicle.

Pursuant to city ordinance and police policy, Johnson then conducted an inventory of the car. While inventorying the contents of the back seat, Johnson pulled an armrest down from its upright position between the seats and discovered a small plastic bottle wedged behind the armrest. The bottle was made of opaque white plastic and had a "small bird-like figure on the cap." Johnson recognized it as the type of container that is passed out at weddings and holds bubbles to be blown by guests. Johnson was immediately suspicious due to the bottle's location in the car. He then picked up the bottle and noticed that it did not slosh; it rattled. At this point Johnson determined that "there were probably drugs in it, my hunch was it would probably have crack cocaine in it." Johnson based that hunch on the fact that the bottle rattled, the location of the bottle in the car, and the location of the car when he stopped defendant, *i.e.*, a "high drug activity area"

demarcated by the City of Portland as a "drug free zone" where police predominantly find crack cocaine.[1] Johnson did not testify, however, that either he or other officers had found controlled substances in such a container before. After noticing that the bottle rattled, rather than sloshed, Johnson opened the bottle and discovered several small chunks of a substance he suspected to be crack cocaine.

Defendant was indicted for possession of a controlled substance, ORS 475.992(4), and delivery of a controlled substance, ORS 475.992(1). Defendant moved to suppress all evidence derived from the search. The trial court, while determining that Johnson had probable cause to believe that the bottle contained crack cocaine, granted that motion, citing this court's decision in *State v. Kruchek*, 156 Or App 617, 969 P2d 386 (1998), *aff'd by an equally divided court* 331 Or 664, 20 P3d 180 (2001).

■ The state now appeals that order, arguing that the officer's conduct in opening the bottle was not a search because the container "announced its contents." *See State v. Owens*, 302 Or 196, 206, 729 P2d 524 (1986). Alternatively, the state argues that, even if Johnson did conduct a search by opening the container, such a search was justified under the automobile exception to the warrant requirement. Defendant disputes those contentions and further argues that Johnson unlawfully seized the bottle before he opened it.[2] Defendant also cross-assigns error to the court's determination that Johnson had probable cause to believe that the bubble bottle contained crack cocaine.[3]

In *Owens*, the court announced:

"Some containers, those that *by their very nature announce their contents* (such as by touch or smell) do not support a cognizable privacy interest under Article I, section 9. Transparent containers (such as clear plastic baggies or pill

---

[1] At the hearing on defendant's motion to suppress, Johnson testified that there was nothing in particular about the way defendant was acting that caused him to suspect that defendant had any drugs with him.

[2] For purposes of this appeal, we assume, without deciding, that Johnson lawfully picked up the bottle before shaking it—and thus discovering that it rattled, rather than sloshed.

[3] Given our disposition, we do not reach that cross-assignment of error.

bottles) announce their contents. The contents of transparent containers are visible virtually to the same extent as if the contents had been discovered in 'plain view,' outside the confines of any container. * * * No warrant is required for the opening and seizure of the contents of transparent containers or containers that otherwise announce their contents." 302 Or at 206 (emphasis added).

The state argues that the bubble bottle is one of those containers that "otherwise announces their contents." We disagree. The "very nature" of the container here is that it is a bubble bottle. Johnson recognized it as such when he first discovered it. The container, by its very nature, announces to the world "I contain bubble soap," not "I contain drugs." *See State v. Lanig*, 154 Or App 665, 669, 963 P2d 58 (1998) ("A film canister is not so uniquely associated with the storage and transportation of drugs that, by itself, it suggests that it contains drugs.").

Thus, the container here was not one that "is invariably used to store and transport controlled substances." *State v. English*, 164 Or App 580, 584, 994 P2d 165, *rev den* 331 Or 244 (2000). In *English*, stipulated testimony established that the officer had "seen other such containers and that, *without exception*, they *always* contained marijuana, methamphetamine, or some other controlled substance." *Id.* at 582 (emphasis added). Because the record disclosed no alternative use for the container, we held that "it was probable that the vial contained controlled substances and nothing else." *Id.* at 585. That holding, however, was expressly limited to the facts of that case, which were that the officer testified that he had no cause to believe that the type of container ever held anything other than controlled substances. *See id.* at 584 ("[T]he stipulated testimony * * * is that the sort of small, opaque, plastic vial found in defendant's vehicle is invariably used to store and transport controlled substances. There is no suggestion in the record that it is used for any other purpose."). Here, as the trial court emphasized,[4]

---

[4] After making his findings of fact, the trial judge observed:

"Here's what the State doesn't have: They don't have a container where the booking officer says ['I have seen 100 people with this exact container each and every one of which contained drugs.['] We know this is a container that has contained other things."

the state produced no such evidence of the exclusivity of use of the opaque container.

The state further argues that, although the bottle's exterior may not have announced that it contained crack cocaine, the contents were "announced" when Johnson shook the bottle and "it did not slosh; it rattled." We disagree. Although the trial court found that the bottle's location and the fact that it rattled were "consistent with drugs," the trial court did not find that drugs were the *only* thing that the bottle could contain. As defense counsel aptly noted at the suppression hearing, the bottle could have contained any number of small, hard objects that would have caused it to rattle when shook, including the bubble-blowing wand.

Finally, the state argues that this case is indistinguishable from *State v. Herbert*, 302 Or 237, 729 P2d 547 (1986), and *State v. McCrory*, 84 Or App 390, 734 P2d 359 (1987), which the state characterizes as holding that probable cause alone gives police the right to open paperfold bindles believed to contain controlled substances. The state's reliance on those cases in unavailing for several reasons.

■■  First, the state's premise that probable cause alone can justify a warrantless search contradicts the most fundamental principle of Oregon search and seizure law. A "search" must be supported by probable cause and either a valid warrant or an exception to the warrant requirement. *State v. Davis*, 295 Or 227, 237, 666 P2d 802 (1983) ("[W]arrantless * * * searches * * * are *per se* unreasonable unless falling within one of the few 'specifically established and well-delineated exceptions' to the warrant requirement."). Thus, police can lawfully open an opaque container without a warrant in only two circumstances: (1) The container so "announces its contents" that opening it does not invade a protected privacy interest and, thus, does not constitute a search. *See, e.g., Owens*, 302 Or at 206; *English*, 164 Or App at 583.[5] Or (2) the opening is supported by probable cause and some exception to the warrant requirement, *e.g.*, officer safety or the automobile exception.

---

[5] *Cf. Krucheck*, 156 Or App at 621-22 (discussing "announced contents" principle).

Second, *Herbert* and *McCrory* did *not* establish that probable cause *alone* is sufficient to justify a warrantless search of a closed container. Rather, both cases involved exceptions to the warrant requirement. In *Herbert,* exigent circumstances, particularly including the defendant's furtive efforts to distract the arresting officer as defendant attempted to dispose of the paperfold, justified the warrantless opening of the paperfold. 302 Or at 242; *see Krucheck,* 156 Or App at 622 n 2. In *McCrory,* police seized the paperfold during a "booking in" inventory at a county jail, which we treated as a search incident to arrest. 84 Or App at 392.[6] Here, in contrast, no exception to the warrant requirement applies.

■ In particular, and contrary to the state's arguments, the automobile exception to the warrant requirement does not apply.[7] Johnson discovered the bubble bottle pursuant to an inventory conducted after defendant was removed from the automobile and was no longer in control or within reach of the vehicle, which was about to be towed. Under similar circumstances, we have held that the automobile exception does not apply because "any exigency created by the vehicle's mobility had been extinguished." *State v. Resler,* 163 Or App 328, 331, 987 P2d 1269 (1999), *rev allowed* 331 Or 674 (2001) (suppressing evidence found during an inventory after arresting the defendant for driving under the influence and ordering a tow of the vehicle); *see also Kruchek,* 156 Or App at 624 (same result when tow ordered after driver failed to produce proof of insurance). We see no reason to deviate from that reasoning here.

The trial court did not err in suppressing the evidence.

Affirmed.

---

[6] Judge Buttler, specially concurring, asserted that the "uniqueness of the paperfold" announced its contents and, thus, there was no search. 84 Or App at 396-97. In *Kruchek,* 156 Or App at 621-22, and *English,* 164 Or App at 584, we incorrectly ascribed Judge Buttler's reasoning to the *McCrory* majority.

[7] The state does not invoke any other exception to the warrant requirement.